| | |
|---|---|
| JENNIFER REED and ) | |
| JOSE LUIS GARCIA TALENTINO ) | |
|     Plaintiffs, ) | Civil Action No. 3:18-0819 |
| ) | Judge Richardson/Frensley |
| v. ) | |
| ) | |
| YOUNG HO KIM and UN JUNG KIM ) | |
|     Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

**A.    JURISDICTION:**

The court has jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). Venue is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. §1391(b).

**B.    BRIEF THEORIES OF THE PARTIES:**

**For Plaintiffs:**

Plaintiffs bring this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA" or "Act"), 29 U.S.C. § 201 et. seq. Plaintiffs worked for Defendants as maintenance workers at the Lexington Garden Apartments and other locations as directed by Defendants. During Plaintiffs' employment with Defendants they cleaned apartments, painted, removed and replaced flooring, removed and replaced windows, cleaned the grounds of the apartments as well as performed other tasks assigned by the Defendants. Although Defendants did not keep track of Plaintiffs time as required by the FLSA, Plaintiffs did keep track of their hours worked. Plaintiffs worked 1335 hours of which 800 hours are overtime hours. Defendants promised wage was $10 per hour. Defendants twice paid Plaintiffs $100 (for both of them) for a total of $200, but otherwise failed and refused to pay Plaintiffs. Defendants, therefore, owe Plaintiffs each $17,350 in unpaid

backpay, plus an equal amount in liquidated damages, plus attorneys' fees and costs.

Plaintiffs assert that Defendants are jointly and severally liable as employers to Plaintiffs for all unpaid wages and an additional, equal amount as liquidated damages. Further, Defendants must pay Plaintiffs' attorneys' fees and costs.

**For Defendants:**

Defendants Young Ho Kim and Un Jung Kim are individuals who reside in the State of Tennessee and who are the owners of Lexington Garden Apartments. Plaintiff, Jose Luis Garcia Talentino requested that the Kims allow him to do odd jobs from time to time at the apartment complex. Mr. Talentino, during this same period of time, also performed work for others outside of the apartment complex and inside the apartment complex who had no connection with the Defendants or the apartment complex and not at the direction or approval of the Defendants. The Kims did not control Mr. Talentino's work schedule (he worked when he determined he could work). When Mr. Talentino did perform jobs at the apartment complex with the approval of the Kims, it included some painting, cleaning and other general maintenance tasks. Plaintiff Jennifer Reed did not request nor was she ever approved to perform any work for the Kims at the Lexington Garden Apartments or at any other location. She was not an employee as defined by the Fair Labor Standards Act ("the Act"). Mr. Talentino was an independent contractor at all times relevant and not an employee as defined under the Fair Labor Standards Act ("FLSA"). Ms. Reed was instructed not to accompany Plaintiff Talentino when he occasionally performed independent contractor work. Defendants did record hours Mr. Talentino worked with the approval and at the instruction of the Kims during the relevant period. The Kims agreed to pay Mr. Talentino as an independent contractor $10.00 per hour for work he performed, but he never worked over 40 hours in a week. Defendants issued payments to Plaintiff Talentino from time to time commensurate

2

with his completion of said work. Defendants rented an apartment to Plaintiffs, upon the terms of which Plaintiffs defaulted. Plaintiffs never paid rent to the Kims as they had agreed. Conversely, Defendants, in good faith, compensated Mr. Talentino for work they approved. Plaintiffs are liable for their failure to pay rent as agreed. Defendants are not liable for any compensation to Plaintiffs, nor any further compensation other than what they have already paid. Accordingly, Defendants are not jointly or severally liable as employers of Plaintiffs because they were not employers of Plaintiffs as defined under the FLSA and if they had been, all amounts due and owing to Plaintiffs have been paid. Therefore, Defendants are not liable for backpay or liquidated damages, nor attorney's fees and costs.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:**

1. Liability.

2. The amount of backpay, if any, owed.

3. If liability is proven and backpay is awarded, whether Defendants can establish that their failure to pay the overtime and minimum wages owed was in good faith (both objective and subjective good faith) so that they can avoid the imposition of liquidated damages.

    **E.**    **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before **January 10, 2019**.

    **F.**    **CASE RESOLUTION PLAN AND JOINT ADR REPORTS**:

Counsel for the parties shall confer regarding Alternative Dispute Resolution options no later than **January 30, 2019**, and advise the Court no later than **February 15, 2019**, whether early settlement attempts may be fruitful. If the parties do not believe early settlement attempts will be

fruitful, or if early settlement attempts are not successful, the parties shall confer again at the conclusion of discovery and fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. **DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before April 30, 2019. Written discovery shall proceed promptly and shall be served no later than **March 29, 2019.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. All discovery motions shall be filed by no later than **April 1, 2019**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute

4

statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

**H.     MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed by no later than **February 1, 2019** and must comply with Local Rules 7.01 and 15.01.

**I.     DISCLOSURE OF EXPERTS:**

The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 15, 2019** . The Defendant shall identify and disclose all expert witnesses and reports on or before **March 15, 2019**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **April 30, 2019**.

**J.     SUBSEQUENT CASE MANAGEMENT CONFERENCE.**

A subsequent case management conference shall be held telephonically on **April 2, 2019 at 11:00am**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate

5

matters. The parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference.

**K.     DISPOSITIVE MOTIONS:**

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions.  Dispositive motions shall be filed by no later than **June 7, 2019**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages.  No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**L.     ELECTRONIC DISCOVERY.**

If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No. 174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

**M.     MODIFICATION OF CASE MANAGEMENT ORDER**.

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N.     ELECTRONIC SERVICE**

Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format in conformance with ECF filing rules (converted rather than scanned whenever possible), in addition to any other format as agreed, sent via email to opposing counsel, who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

**O.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

This is a jury action. The Parties presently estimate 2 trial days at this time. A trial date no earlier than **October 22, 2019** is respectfully requested.[1]

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**

---

this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.