UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER REED and ) | |
| JOSE LUIS GARCIA TALENTINO ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:18-0819 |
| ) | |
| ) | Judge Richardson/Frensley |
| v. ) | |
| ) | |
| ) | |
| YOUNG HO KIM and UN JUNG KIM ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' REPLY IN SUPPORT OF
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs Jennifer Reed and Jose Luis Garcia Talentino (collectively "Plaintiffs") ask this Court to grant the alternative prayer for relief in their Memorandum of Law in Support of Motion to Enforce Settlement ("Motion") and to enter judgment against Defendants Young Ho Kim and Un Jung Kim (collectively "Defendants"). [*See* Doc. 36.]

As the first exhibit to the Motion—the validity of which Defendants acknowledge, [Doc. 39, at 1]—makes clear, the offer Defendants made, and which Plaintiffs accepted, was for $11,000.00 in exchange for a release of claims, [Doc. 36-1]. Defendants did not include a confidentiality provision in their offer, and a confidentiality provision is therefore **not** a part of the contract formed by Plaintiffs' acceptance.

Further, Defendants misconstrue Plaintiffs' position on the terms of the settlement. Plaintiffs are not saying that they would refuse to execute the Joint Release and Settlement Agreement ("Agreement") as written; if the choice were between executing the Agreement as provided to the Court, [Doc. 36-3], or continuing the litigation, Plaintiffs would opt for the

Agreement.  As explained below, Plaintiffs object to one term in the Agreement being unenforceable as against public policy, but because the Agreement itself contains a severability clause, Plaintiffs' rejection of this term does not render the rest of the Agreement a nullity. [*Id.* at 3.]

Plaintiffs' true position follows.  First, as noted above, the parties did not discuss confidentiality prior to agreeing to settle this matter.  Defendant's counsel included the confidentiality provision as an additional term when he drafted the Agreement.  Second, Defendants' unsupported claim that "[c]onfidentiality is a material term of any settlement agreement" is an inaccurate description of all settlements and particularly so of settlements under the FLSA. [Doc. 39, at 2.]  Confidentiality provisions do often appear in settlement agreements—although not, as noted below, in FLSA settlement agreements—but they are negotiated terms and not automatically included in any settlement.  Finally, Plaintiffs doubt whether the confidentiality provision in the Agreement is permissible as a matter of law.  "Although the Sixth Circuit has not yet weighed in on this issue, the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases." *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 U.S. Dist. LEXIS 113048, at *3 (S.D. Ohio Aug. 24, 2016); *see also Fairfax v. Hogan Trans. Equip., Inc.*, No. 2:16-cv-680, 2019 U.S. Dist. LEXIS 18852, at *5 (S.D. Ohio Feb. 6, 2019) (requiring "an extraordinary reason to justify filing the [s]ettlement [d]ocuments under seal").  In fact, this Court recently refused to approve a settlement that contained a much narrower confidentiality provision than the one in the Agreement. *See Fenwick v. The Row, Inc.*, No. 3:18-cv-459, Doc. 41, at 1 (M.D. Tenn. Apr. 4, 2019).

Considering their counsel's attempts to withdraw and their opposition to the Motion, Defendants clearly have no intention of honoring the Agreement. [Docs. 31, 38–39.] Because Defendants' good-faith participation in the settlement is no longer a serious possibility, Plaintiffs ask this Court to grant their alternative prayer for a judgment against Defendants jointly and severally in the amount of $11,000.00, plus attorney fees and costs associated with collection. [Doc. 36, at 3.] The Sixth Circuit has held that entry of judgment by the District Court is permissible when one party refuses to execute a final copy of a previously agreed settlement. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 151, 153 (6th Cir. 1992).

Dated: August 30, 2019

Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (#18965)
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
yezbak@yezbaklaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, I filed the foregoing document via the Court's electronic filing system, which will automatically send electronic notice of such filing on the following counsel of record for Defendants:

Christopher English Hugan
BPR #22853
935 E. Trinity Lane
Nashville, Tennessee 37207
615.669.7299
ecf@huganlaw.com

*Attorney for Defendants*

                                      /s/ *Charles P. Yezbak, III*
                                      Charles P. Yezbak, III