UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER REED and ) | |
| JOSE LUIS GARCIA TALENTINO ) | |
|     Plaintiffs, ) | Civil Action No. 3:18-cv-819 |
| ) | Judge Richardson/Frensley |
|   v. ) | |
| ) | |
| YOUNG HO KIM and UN JUNG KIM ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion to Enforce the Settlement Agreement (Docket No. 35) with supporting Memorandum of Law (Docket No. 36). The matter was referred to the undersigned for decision and to order, if appropriate, a settlement conference with another judge or outside mediator. Docket No. 42. For the reasons stated herein, the undersigned recommends that the Plaintiffs' Motions to Enforce Settlement Agreement (Docket No. 35) be GRANTED.

## PROCEDURAL HISTORY

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA") asserting they were entitled to wages for services performed for Defendants as maintenance workers at the Lexington Garden Apartments and other locations as directed by Defendants. Docket No. 1. The Parties participated in a judicial settlement conference in this matter and though failing to resolve the claims agreed to continue their negotiations. Docket No. 19. As a result of those negotiations the Parties reached an agreement to resolve this matter. Docket No. 36-1. However, prior to execution of the agreement, Defendants' counsel moved to withdraw. Docket No. 31. Plaintiffs thereafter filed the instant Motion to Enforce Settlement Agreement (Docket No. 35) and

supporting Memorandum of Law (Docket No. 36).

Counsel for Defendants filed a response to the Motion to Enforce Settlement Agreement wherein he admitted the authenticity of exhibits attached to the Plaintiffs' Motion to Enforce the Settlement and contends that notwithstanding; there was no "meeting of the minds and no final agreement was reached." Docket No. 39. Plaintiffs filed a Reply indicating that they had not refused to execute the agreement as written and the proposed term of confidentiality upon which Defendants' counsel suggests that there was no agreement may not be permissible as a matter of law. Docket No. 40.

Counsel for Defendants filed a reply brief indicating he consulted with the Tennessee Board of Professional Responsibility and that his previously filed Motion to Withdraw was proper under R. P. C. 1.16(b)(4), R. P. C. 1.16(b)(6), or R. P. C. 1.16(b)(7). Docket No. 38. The Court thereafter granted counsel's Motion to Withdraw and allowed Defendants until October 7, 2019 within which to obtain other counsel or be deemed to be proceeding pro se. Docket No. 41. Plaintiffs' Motion was thereafter referred to the undersigned. Docket No. 42.

A hearing was set for December 20, 2019, which was cancelled when the pro se Defendants contacted chambers to advise that they were sick and unable to attend the hearing. Plaintiffs thereafter filed a Renewed Motion to Enforce the Settlement Agreement or Reschedule the previously set hearing. Docket No. 46. The Motion to Reschedule the hearing was granted and a hearing was held on January 24, 2020. Docket No. 47. The Parties discussed their respective positions and were given further opportunity to reach an agreed disposition. The Court also established a briefing schedule for Defendants to file a substantive response to Plaintiffs' Motion and Plaintiffs were given the opportunity to file a Reply. Docket No. 49.

Defendants filed a Response in Opposition to the Plaintiffs' Motion to Enforce Settlement.

Docket No. 50. In their response, the pro se Defendants contend that while they are willing to settle the case the Court should not bind them to the agreement because their former counsel did not include certain "conditions" upon which the agreement was contingent. Docket No. 50. As a result, because the Defendants did not approve the settlement offer communicated by counsel, the Court should deny the Plaintiffs' motion. *Id.*

Plaintiffs have filed a Reply in which they contend the Defendants' efforts to repudiate the agreement made by their attorney are not credible and the Court should enforce the settlement by entering judgment in Plaintiffs' favor. Docket No. 51. The matter is now ready for decision.

## FACTUAL BACKGROUND

The pleadings establish the Parties engaged in various settlement negotiations during the pendency of this matter. Docket No. 51-1, 2. At all relevant times during these negotiations both Plaintiffs and Defendants were represented by counsel *Id.* Through counsel, the Plaintiffs accepted Defendants' settlement offer (Docket No. 36-1) and Defendants' counsel prepared a draft settlement agreement which he provided to Plaintiffs' counsel (Docket No. 36-3). Notwithstanding the agreement reached between the parties and the multiple communications between counsel for the Parties, the Defendants refused to execute the settlement agreement and now contend that the agreement did not include certain conditions they allegedly communicated to their prior counsel and therefore the Court should deny Plaintiffs' Motion to Enforce the Agreement.

## ANALYSIS

The Sixth Circuit recognizes that district courts have "broad, inherent authority and equitable power" to enforce settlement agreements. *Bostick Foundry Co. v. Lindberg, a Division of Sola Basic Industries Inc.*, 797 F. 2d 280, 282-83 (6th Cir. 1986). To enforce a settlement agreement, a district court must find that the parties have reached an agreement on all material

3

terms of the settlement. *Re/Max International, Inc. v. Realty One, Inc.*, 271 F. 3d 633, 646 (6th Cir. 2001). As long as the parties have agreed on the material terms the agreement is not required to be in writing. *Id.*

A settlement agreement is a contract and therefore is governed by the principles of contract law. *Bamerilease Capital Corp. v. Nearburg,* 958 F. 2d 150, 152 (6th Cir. 1992). There is no basis to rescind a contract merely because one regrets having agreed to its terms. There is no question that a person's attorney acts as an agent for the person. "[W]here express authority is given to an attorney to compromise a matter by the client, the attorney's agreement to settle within the terms expressed will bind the client." *Fort Sanders Regional Medical Center v. Collins*, 1992 WL 184682, at *1 (Tenn. Ct. App 1992)(citing *Hart v. First National Bank of Memphis*, 690 S. W. 2d 536 (Tenn. Ct. App. 1985)). The intent of the parties to a writing is determined from the whole instrument taken within the surrounding circumstances. *Dearing v. Brush Creek Coal Co.*, 186 S. W. 2d 329 (1945).

The Parties settlement negotiations in this matter were extensive and protracted. In addition to communications between the lawyers, the Parties participated in a judicial settlement conference in this case. The emails between counsel reflect the nature of the negotiations as well as the authority provided by the Parties to their lawyers. Docket No. 51-2. The emails further reflect that counsel for the Defendants was directly communicating with the Defendants and acting within their authority.

In their response in opposition to the Plaintiffs' motion to enforce the settlement agreement, the Defendants recount the efforts to settle this case and acknowledge they "are willing to settle." Docket No. 50. At the hearing on this matter, the Defendants advised the Court that they felt threatened and intimidated by the Plaintiffs' conduct and specifically wished to assure that

Plaintiffs would not engage in further activities directed at harming them. A review of the settlement agreement in this matter reflects that these concerns were addressed by Defendants' counsel. Docket No. 36-3. It is further telling that Defendants' counsel prior to and within his withdrawal does not take issue with any positions asserted by the Plaintiffs with regard to the status of the negotiations or preparation of the settlement agreement. The undersigned finds that based on the facts and circumstances surrounding the settlement negotiations in this matter including the extensive involvement of the Defendants in those negotiations, communications between counsel and contradictions within Defendants' arguments that counsel did not communicate to the Plaintiffs certain conditions precedent to the settlement which in fact he did; all establish that Defendants' counsel was acting with actual authority to enter into the agreement, as drafted. It is not credible that counsel chose to ignore certain of the Defendants' conditions while explicitly including others. This is especially true given the lengthy and protracted negotiations among the Parties and their counsel.

Because Defendants' counsel was acting within the scope of his authority and consistent with the Defendants' wishes when he drafted the agreement and transmitted to the Plaintiffs, the undersigned finds that the agreement should be enforced and the Plaintiffs' Motion (Docket No. 35) should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas*

*v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**