IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JENNIFER REED and JOSE LUIS GARCIA TALENTINO,** | ) ) ) | |
| | ) | **Case No. 3:18-cv-819** |
| Plaintiffs, | ) ) | |
| | ) | **District Judge Richardson** |
| v. | ) ) | |
| | ) | **Magistrate Judge Frensley** |
| **YOUNG HO KIM and UN JUNG KIM,** | ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

Under Rule 72(b) of the Federal Rules of Civil Procedure and Magistrate Judge Frensley's Report and Recommendation, [Doc. 53, at 5–6], Plaintiffs Jennifer Reed and Jose Luis Garcia Talentino ("Plaintiffs") submit this Response to Defendants' Objections to Report and Recommendation ("Response").[1] This Court should agree with Judge Frensley that opposing counsel "was acting within the scope of his authority and consistent with the Defendants' wishes when he drafted the agreement and transmitted [it] to the Plaintiffs," [*id.* at 5], grant Plaintiffs' Motion to Enforce Settlement, [Docs. 35–36], and enforce the Parties' settlement by entering judgment in Plaintiffs' favor for $11,000, plus the attorneys' fees Plaintiffs incurred to enforce the settlement.

---

1. Plaintiffs incorporate by reference into this Response the facts cited in and arguments raised in their other filings related to their Motion to Enforce Settlement and their opposition to opposing counsel's withdrawal. Specifically, Plaintiffs incorporate by reference the facts and arguments in Docs. 33, 34, 35, 36, 40, 46, 51, and 52 and their attachments.

# ARGUMENT

In their Response in Opposition to Plaintiffs' Motion to Enforce Settlement ("Objections"), [Doc. 54], and accompanying Declaration of Young Kim, [Doc. 55], Defendants do not respond directly to Judge Frensley's factual and legal conclusions from his Report and Recommendation ("R&R"). Defendants instead make factual allegations unrelated to the Motion to Enforce Settlement and restate their argument that they did not authorize their counsel to offer a lump sum of $11,000 without conditions to settle this matter. According to Defendants, the $11,000 offer without conditions was "a result of miscommunication and relaying of information through multiple parties," namely Defendants' son and their former counsel. [Doc. 54, ¶ 3; *see also* Doc. 55, ¶ 18.]

Judge Frensley, however, already considered and rejected Defendants' contention that they did not agree to settle this matter without conditions. [Doc. 53, at 4–5.] In his R&R, Judge Frensley phrased Defendants' position as follows:

> Defendants contend that while they are willing to settle the case the Court should not bind them to the agreement because their former counsel did not include certain "conditions" upon which the agreement was contingent. Docket No. 50. As a result, because the Defendants did not approve the settlement offer communicated by counsel, the Court should deny the Plaintiffs' motion. *Id.*

[*Id.* at 3.] Judge Frensley correctly determined that the surrounding facts and circumstances do not support Defendants' version of events:

> The undersigned finds that based on the facts and circumstances surrounding the settlement negotiations in this matter **including the extensive involvement of the Defendants in those negotiations, communications between counsel and contradictions within Defendants' arguments that counsel did not communicate to the Plaintiffs certain conditions precedent to the settlement which in fact he did; all establish that**

> **Defendants' counsel was acting with actual authority to enter into the agreement, as drafted**. It is not credible that counsel chose to ignore certain of the Defendants' conditions while explicitly including others.

[*Id.* at 5 (emphasis added).] Notably, Judge Frensley specifically cited the inconsistencies that Plaintiffs raised between Defendants' arguments that their counsel failed to include conditions they wanted in the draft Settlement Agreement ("Agreement") with the inclusion of some of those terms in the Agreement that Defendants now refuse to execute. [*See* Doc. 51, at 5–6.] All the facts and circumstances show that there was no miscommunication between Defendants, their son, and their attorney. This Court should agree with Judge Frensley that Defendants empowered their attorney to settle this matter on the terms in the Agreement and enforce the Parties' agreement.

Defendants' Objections also fail to account for their former counsel's "noisy withdrawal" from this matter. As Plaintiffs previously argued to this Court, if Defendants' failure to execute the Agreement had been the result of a simple misunderstanding and the fault of Defendants' former counsel, then counsel would have had obligations to inform Plaintiffs and this Court and to accept responsibility for his mistake. [Doc. 51, at 6–7.] Counsel, however, did no such thing. Instead, he moved to withdraw from his representation of Defendants; contacted the Tennessee Board of Professional Responsibility to determine his ethical obligations; and informed this Court that his clients planned to take some imprudent or repugnant action inconsistent with his advice. [Doc. 41, at 1 (stating that counsel's "withdrawal was necessary as the 'client insists upon pursuing an objective or taking action that the lawyer considers repugnant or imprudent'"); Doc. 53, at 1–2 (noting that former defense counsel consulted with the TBPR).] The only reasonable

inference for this Court to draw from these facts is that the imprudent or repugnant action Defendants planned to take was repudiating the Agreement and that defense counsel refused to participate in that action. Defendants have not presented any facts or arguments that undermine this inference. This Court should agree with Judge Frensley that Defendants empowered their attorney to settle this matter on the terms in the Agreement and enforce the Parties' agreement.

## CONCLUSION

Judge Frensley correctly concluded in his R&R that Defendants empowered their attorney with actual authority to settle this matter on the terms contained in the Agreement. This Court accordingly should hold Defendants to the bargain that they made with Plaintiffs and enforce the Agreement by entering judgment in Plaintiffs' favor for $11,000, plus the attorneys' fees Plaintiffs incurred to enforce the settlement.

Date: March 4, 2020

Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN BPR #018965)
N. Chase Teeples (TN BPR #032400)
YEZBAK LAW OFFICES PLLC
P.O. Box 159033
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 4, 2020, I served a true and correct copy of this document, Plaintiffs' Response to Defendants' Objections to Report and Recommendation, on Defendants via U.S. Mail at the following address:

335 Forest Park Road, Apt. 1
Madison, TN 37115

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III