UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER REED and JOSE TALENTINO, | ) ) ) |
| Plaintiffs, | ) ) NO. 3:18-cv-00819 |
| v. | ) ) JUDGE RICHARDSON ) |
| YOUNG HO KIM and UN JUNG KIM, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 10, 2020, Magistrate Judge Frensley issued a Report and Recommendation ("R&R") (Doc. No. 53), recommending that the Court grant Plaintiffs Jennifer Reed and Jose Talentino's Motion to Enforce Settlement (Doc. No. 35). Thereafter, Defendants Young Ho Kim and Un Jung Kim filed a "Response in Opposition to Plaintiffs' Motion to Enforce Settlement" that the Court will construe as an objection to the R&R (Doc. No. 54, "Objection"). For the following reasons, the Court **ADOPTS** the R&R.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be specific; a general objection to the report and recommendation

is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*. at 151.

After holding a hearing on the Motion to Enforce Settlement, the Magistrate Judge concluded that "Defendants' counsel was acting within the scope of his authority and consistent with the Defendants' wishes when he drafted the agreement and transmitted it to the Plaintiffs"; thus, the Magistrate Judge recommended that "the agreement should be enforced and the Plaintiff's Motion (Doc. No. 35) should be granted." (Doc. No. 53 at 5). The Magistrate Judge based his conclusion on

> the facts and circumstances surrounding the settlement negotiations in this matter including the extensive involvement of the Defendants in those negotiations, communications between counsel and contradictions within Defendants' arguments that counsel did not communicate to the Plaintiffs certain conditions precedent to the settlement which in fact he did; all establish that Defendants' counsel was acting with actual authority to enter into the agreement, as drafted. It is not credible that counsel chose to ignore certain of the Defendants' conditions while explicitly including others. This is especially true given the lengthy and protected negotiations among Parties and their counsel.

(*Id*. at 5).

On February 19, 2020, after the issuance of the R&R, Defendants filed their "Response in Opposition to Plaintiffs' Motion to Enforce Settlement,"[1] (Doc. No. 54), wherein Defendants argue that they "instructed their son to communicate that the $11,000 offer was still open . . . but with conditions." (*Id*. at 1). When the settlement offer was conveyed to Plaintiffs by Defendants' counsel without conditions, it "was a result of miscommunication and relaying of information through multiple parties." (*Id*. at 1-2). Defendants attached the declaration of Young Ho Kim to the Objection stating the same, and including additional facts relating to the background facts

---

[1] As noted above, the Court is construing this "Response" as an objection to the R&R for purposes of its analysis.

underlying the lawsuit. (*Id*. at 3-4). Other than the newly included background facts in Mr. Kim's declaration, the argument raised in the Objection is substantially the same as the argument raised in Defendants' earlier filed "Response in Opposition to Plaintiffs' Motion to Enforce Settlement," (Doc. No. 50), that the Magistrate Judge considered when deciding the R&R.

In response, Plaintiffs argue that Defendants' Objection does "not respond directly to the Magistrate Judge's factual and legal conclusions from his [R&R]." (Doc. No. 56 at 2). Plaintiffs contend that Defendants instead "restate their argument that they did not authorize their counsel to offer a lump sum of $11,000 without conditions to settle this matter" and the Magistrate Judge "already considered and rejected Defendants' contention that they did not agree to settle this matter without conditions." (*Id*.). Defendants point out that "notably, [the Magistrate Judge] specifically cited the inconsistencies that Plaintiffs raised between Defendants' arguments that their counsel failed to include conditions they wanted in the draft Settlement Agreement ("Agreement") with the inclusion of some of those terms in the Agreement that Defendants now refused to execute." (*Id*. at 3). Further, Plaintiffs contend that the additional background facts listed in the attached declaration are "unrelated to the Motion to Enforce Settlement." (*Id*. at 2).

The Court finds that Defendants' Objection is not a proper objection to the Magistrate Judge's R&R, because not only does the Objection fail to object to a specific finding made by the Magistrate Judge, it does it even *mention* the R&R. "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."); *Murphy v. Reed*, 22 F. App'x 390, 391 (6th Cir. 2001) (explaining that

3

an "objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed."). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018). The Sixth Circuit has explained the reasoning for this rule as follows:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Those considerations of judicial economy are especially relevant here, where Defendants' Objection raises the *same argument* Defendants raised in their earlier filed Response in Opposition to Plaintiff's Motion to Approve Settlement (Doc. No. 50) that the Magistrate Judge considered, and explicitly rejected, when recommending this Court grant Plaintiff's Motion to Enforce Settlement. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("[I]f the objections merely restate the party's arguments [that was] previously addressed by the magistrate judge, the Court may deem the objections waived."). Accordingly, *de novo* review of Defendants' argument would make the original referral to the Magistrate Judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509.[2]

---

[2] To the extent the declaration attached to Defendants' Objection refers to additional background facts not discussed in Defendants' prior response, the Court agrees that those facts are irrelevant to Plaintiff's Motion to Enforce Settlement. *See Soledad v. Webb*, No. 1:18-CV-00126, 2018 WL 6321240, at *2 (S.D. Ohio Dec. 4, 2018) (refusing to address objections that did not relate to the magistrate judge's report and recommendation).

Certainly, some of the reasoning behind the arguments made before the magistrate judge may be used to support an objection to the magistrate judge's R&R. That is, to the extent that a magistrate judge's R & R rejects a party's argument, the R&R may be objected to on the grounds that the magistrate judge erroneously rejected the party's reasoning. Nevertheless, the objection must identify *what is wrong with particular aspects of the R&R* issued by the magistrate judge; it is not enough simply to repeat arguments that, had they been accepted by the magistrate judge, would have resulted in a different R&R. The objection must be addressed *specifically and directly* to specific aspects of the R&R; it is not enough to *indirectly* challenge the R&R as a whole by asserting that the underlying dispositive motion should be resolved in the objector's favor (rather than unfavorably to the objector as recommended in the R&R).

Thus, the Court finds that Defendants' arguments are not specific objections to the R&R and it will not engage in a *de novo* review of the Plaintiff's Motion to Enforce Settlement and Defendants' responsive pleadings, because Defendants have waived any objection thereto. *See Brown v. City of Detroit*, No. 12-13402, 2017 WL 2500995, at *1 (E.D. Mich. June 9, 2017) (holding that the plaintiff's objections that merely restated arguments that the plaintiff raised in the underlying briefing and neglected to even mention the magistrate judge's analysis were improper, and as a result, were waived). Although exceptional circumstances may warrant review of a magistrate judge's report and recommendation that has not been properly objected to, *see Thomas v. Arn*, 474 U.S. 140, 155 & n.15 (1985), the Court finds that no exceptional circumstances exist here.[3]

---

[3] The fact that a party is proceeding *pro se* does not automatically constitute an exceptional circumstance. *See Murphy*, 22 F. App'x at 391 (explaining that although the plaintiff was proceeding *pro se*, no exceptional circumstances existed in the case to warrant review of a magistrate judge's report and recommendation that was improperly objected to). Although the Court acknowledges that Plaintiffs are proceeding *pro se* and thus should be cut some proverbial slack,

The Court has reviewed the R&R, and the file. For the aforementioned reasons, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 53). Plaintiffs' Motion to Enforce Settlement (Doc. No. 35) is hereby **GRANTED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

Plaintiffs here need much more than just some slack; they need the Court to entirely disregard the legal requirements for making a valid objection to the R&R.