IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER REED and JOSE LUIS )
GARCIA TALENTINO, )
)
Plaintiffs, ) Civil Action No. 3:18-cv-00819
) Judge Richardson
v. )
)
YOUNG HO KIM and UN JUNG KIM, )
)
Defendants. )

### Memorandum In Objection To Plaintiffs' Motion For Attorneys' Fees

Defendants oppose Plaintiffs' motion for attorney's fees. Defendants did not agree to the terms of the settlement agreement (Doc. No. 36-3) in writing or verbally. Therefore the portion of the settlement agreement including the portion that states "in any action at law or in equity arising out of this Settlement Agreement, the prevailing Party may recover their reasonable attorneys' fees and costs, and any other relief to which they may be entitled," is moot. The court only enforced the monetary amount of the settlement agreement.

The settlement agreement was a draft settlement agreement before Defendant's counsel withdrew, and the disagreement over its terms was the reason for withdrawal. The settlement

agreement was never modified to a form approved by Defendants, and the actual document was never read by Defendants. Defendants wish to pay the settlement in installments. Plaintiffs' counsel is adamant that the settlement be paid in one lump sum. Defendants never agreed to pay the final settlement amount in one lump sum. Defendants' primary counsel only offered a lump sum at the settlement conference to settle that day and that day only. Since then, Plaintiffs' counsel have demanded a larger settlement amount from defendants' second counsel before coming down to $11,000. There is no memorialized writing that states that defendants intended to pay the $11,000 in one lump sum.

In addition, Defendants do not agree with section 4 of the settlement agreement. Plaintiffs owe back rent and unpaid utilities, claims that are not related to their FSLA action and claims that Defendants do not wish to release Plaintiffs' from. Defendants only agree to be released and to release Plaintiffs for any claims or demands related to FSLA.

After the court enforced the settlement agreement, Plaintiffs have not sent defendant's any signed settlement agreements. Instead they filed a motion to reopen the case to obtain additional legal fees while knowing that Defendants are Pro Se. Defendants have not received every court document sent by Plaintiffs via U.S Mail. Plaintiffs have never given Defendants an accurate residential address. Defendants require Plaintiffs' actual and current residential address, and social security numbers or tax identification numbers so the settlement can be properly reported to the IRS.

The attorneys' fees that Plaintiff demand are excessive and unjust. Plaintiff's counsel demand to be awarded an additional $6,275.50 in attorneys' fees. They contend that their fee is justified because of the amount of time it required to enforce a $11,000 settlement agreement. The calculation of time Plaintiffs' counsel propose is excessive considering the amount of work

necessary. The Lodestar calculation of attorneys' fees start with "the number of hours reasonably expended multiplied by the reasonable hourly rate." Defendants argue that the number of hours reasonably expended is inflated. Defendants also argue that the hourly rate Plaintiffs' propose is not reasonable for the Metro Nashville area for such a case. Defendant's initial counsel was far more experienced in employment law and his fee was considerably less than what Plaintiffs' proposed fee is. Defendants' consulted with numerous experienced employment attorneys and none of their fees were as high as the Plaintiffs' fees. Different factors that justify a high fee are not present including difficulty of the case, novelty of the case, and skills displayed. Mr. Yezbek filed an affidavit from a friend stating that he was a good attorney, but the fee calculations show that Mr. Yezbek delegated much of the work. In addition, the most recent opinion of the Court states that Mr. Yezbek failed to cite any cases that support the Court's authority to enter such a judgement. Instead, all the cases he cited were in support of additional attorneys' fees.

The attorneys' fees that Plaintiffs demand are unwarranted. They are not a prevailing party and should not be considered a prevailing party. The court only entered judgement against Defendants because Defendants' did not oppose the motion to reopen the case. Defendants relied on the Court's order on June 3, 2020 that ordered Plaintiffs "shall provide the Court with authority demonstrating that the Court can in fact issue a judgement against a party pursuant to the granting of a motion to enforce settlement." The Defendants believed that the burden was on the Plaintiffs to prove the authority existed and had until June 17, 2020 to prove so. The Plaintiffs did not meet this burden, and the Defendants failed to realize that they were required to file a motion in opposition. The court even states that "The Court discerns major tension between entering judgement on the claims (as opposed to merely ordering specific performance of a settlement agreement resolving the claims) and very intentionally not finding liability on those

claims. It is (in part) this tension that give the Court both some pause about entering judgement in this case."

The court granted the Plaintiffs' motion to enforce the settlement agreement for $11,000. The court entered judgement against Defendants for the same amount without a finding of liability for violations of the FLSA, and despite the lack of controlling precedent on the issue. The Plaintiffs' should not be considered a prevailing party when the court entered judgement that is redundant with the court's order to enforce settlement, and when Plaintiffs did not provide any support that the Court had authority to reopen the case and enter judgement. Plaintiffs have communicated their intent to get additional attorneys' fees even before the settlement agreement was enforced by the Court. They did not supply necessary information required to settle the case in accordance with the Tax Code. Plaintiffs are with knowledge that Defendants are Pro Se and they should have the responsibility of facilitating the settlement instead of reopening the case with the sole purpose to demand more legal fees.

For these reasons, Defendants ask this Court to deny Plaintiffs' motion for attorneys' fees

Date: July 5, 2020
Respectfully submitted,
Young Ho Kim
Un Jung Kim
335 Forest Park Rd.
Apt Office
Madison, TN 37115
Tel.: (615)481-5988

## CERTIFCATE OF SERVICE

I certify that on July 5, 2020, I served a true and correct copy of this document on Plaintiffs via U.S. Mail

at the following address:

2002 Richard Jones Rd. Suite B-200
Nashville, TN 37215

/s/ Un Jung Kim

Un Jung Kim