UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER REED and JOSE TALENTINO, | ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:18-cv-00819 |
| v. | ) ) | JUDGE RICHARDSON |
| YOUNG HO KIM and UN JUNG KIM, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' "Motion to Reopen Case, To Enter Judgment, and To Award Attorneys' Fees" (Doc. No. 59). All aspects of the Motion have been resolved, with the exception of Plaintiffs' request for attorney's fees (hereinafter referred to as "Motion to Award Attorneys' Fees").

Via the Motion to Award Attorneys' Fees, Plaintiffs argue that the Settlement Agreement (Doc. No. 36-3) previously enforced by this Court (Doc. No. 58) states that "in any action at law or in equity arising out of this Settlement Agreement, the prevailing Party may recover their reasonable attorneys' fees and costs, and any other relief to which they may be entitled." (Doc. No. 36-3 at 3). Thus, as the prevailing party of the motion to enforce settlement, Plaintiffs contend that they are entitled to attorneys' fees for work done in association with the motion to enforce settlement.

In response, Defendants argue that "they did not agree to the terms of the settlement agreement [] in writing or verbally." (Doc. No. 66 at 1). Therefore, Defendants contends that the

Court only "only enforced the monetary amount of the settlement agreement" and not the portion of the agreement containing the language regarding an award of attorneys' fees. (*Id*). Defendants further argue that "[t]he attorneys' fees that Plaintiff demand [$6,275.50] are excessive and unjust." (*Id*. at 2). Specifically, Defendants contend that the fee is not justified in light of the fact that the settlement amount is only $11,000; therefore, "[t]he calculation of time Plaintiffs' counsel propose is excessive considering the amount of work necessary. . . . [and] the number of hours reasonably expended is inflated." (*Id*. at 3). Defendants also argue that the hourly rate Plaintiffs' propose is not reasonable for the Metro Nashville area. (*Id*.).[1]

First, the Court disagrees with Defendants that the Court enforced only the monetary amount of the Settlement Agreement (Doc. No. 36-3). Magistrate Judge Frensley conducted an evidentiary hearing on Plaintiffs' motion to enforce settlement and recommended that the Court grant the motion and enforce the Settlement Agreement in its entirety. Specifically, Magistrate Judge Frensley explained

> The undersigned finds that based on the facts and circumstances surrounding the settlement negotiations in this matter including the extensive involvement of the Defendants in those negotiations, communications between counsel and contradictions within Defendants' arguments that counsel did not communicate to the Plaintiffs certain conditions precedent to the settlement which in fact he did; all establish that Defendants' counsel was acting with actual authority to enter into the agreement, *as drafted*. It is not credible that counsel chose to ignore certain of the Defendants' conditions while explicitly including others. This is especially true given the lengthy and protracted negotiations among the Parties and their counsel.
>
> Because Defendants' counsel was acting within the scope of his authority and consistent with the Defendants' wishes *when he drafted the agreement* and transmitted to the Plaintiffs, the undersigned finds that *the agreement should be enforced* and the Plaintiffs' Motion (Docket No. 35) should be GRANTED.

---

[1] Defendants raise additional issues in their Response, but these involve the Court's initial granting of the motion to enforce settlement, and the motion to reopen case. As those issues have been resolved, Defendants' arguments regarding them are moot and will not be considered by the Court.

(Doc. No. 53 at 5) (emphasis added). On March 25, 2020, this Court adopted Magistrate Judge Frensley's Report and Recommendation and granted Plaintiffs' Motion to Enforce Settlement. (Doc. No. 57).

Based on the above specified language, it is clear that that the Court enforced not merely the monetary amount of the Settlement Agreement, but rather the entirety of the Settlement Agreement—including the language regarding attorneys' fees. And the Court agrees with Plaintiffs that this language entitles them to attorneys' fees in this instance, because Plaintiffs' prevailed on their motion to enforce settlement.

A settlement agreement is a contract and therefore is governed by the principles of contract law. *Bamerilease Capital Corp. v. Nearburg*, 958 F. 2d 150, 152 (6th Cir. 1992). Pursuant to Tennessee law,[2] if the terms of a contract are "clear and unambiguous, the literal meaning of the language controls the outcome of contract disputes." *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002). The settlement agreement clearly states: "in any action at law or in equity arising out of this Settlement Agreement, the prevailing Party may recover their reasonable attorneys' fees and costs, and any other relief to which they may be entitled." (Doc. No. 36-3 at 3). In the Court's view, the Motion to Enforce Settlement Agreement was an action arising out of the settlement agreement, even though it was filed under the existing case and not as a new civil action. Plaintiffs were the prevailing party upon the Court's granting of their motion to enforce the settlement agreement. Thus, under the terms of the Settlement Agreement, as the prevailing party, Plaintiffs are entitled to reasonable attorney fees. Other district courts interpreting similar contractual language in settlement agreements (after enforcing those

---

[2] The Settlement Agreement provides that it "is governed by the laws of the State of Tennessee without regard to its conflict of law rules." (Doc. No. 36-3 at 2).
3

settlement agreements) have reached the same result. *See Wapato Heritage, LLC v. Evans*, No. CV-07-0314-EFS, 2010 WL 11509156, at *1 (E.D. Wash. Dec. 22, 2010); *Carter v. City of Gore*, No. CIV-05-231-FHS, 2009 WL 2169662, at *1 (E.D. Okla. July 20, 2009); *The Budd Co. v. Applied Composites Corp.*, No. 02 C 154, 2005 WL 2129102, at *4 (N.D. Ill. June 27, 2005). Therefore, Plaintiffs are entitled to reasonable attorneys' fees for their counsel's efforts in litigating the motion to enforce settlement.

Next, the Court turns to Defendants' argument that the amount of attorneys' fees sought by Plaintiffs is unreasonable. Plaintiffs seek $6,274.50 in attorneys' fees. Plaintiffs' total number of fees sought is based on: (1) 1.7 hours of work by Charles Yezbak at an hourly rate of $560.00; (2) 11.2 hours of work by N. Chase Teeples at an hourly rate of $350.00; and (3) 5.1 hours of work by Matthew T. Doster at an hourly rate of $275. (Doc. No. 60-1).

A reasonable attorney fee is generally calculated by utilizing the "lodestar method." *The Northeast Ohio Coalition for the Homeless v. Hustead*, 831 F. 3d 686, 702 (6th Cir. 2016). "Lodestar" is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id*. Applicants seeking attorney's fees must exercise billing judgment, and the court may exclude hours that were not "reasonably expended." *Id*. The court has broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1944 (1983). "The party seeking attorneys' fees bears the burden of documenting his entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citing *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985)).

First, the Court must determine whether the hourly rates proffered are reasonable, "us[ing] as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v.*

*Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821-22 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

Recently, in a case in which the underlying claim was brought pursuant to the Fair Labor Standards Act (as are the claims at issue here), this Court awarded an hourly rate of $350.00 per hour noting that rate was a reasonable hourly rate charged by attorneys experienced in FLSA matters. *See Long v. Morgan*, 2020 WL 1514560, --F. Supp. 3d--, at *4 (M.D. Tenn. Mar. 30, 2020) (Crenshaw, J.); *see also Jones v. Elite Emergency Serv., LLC*, No. 3:12–cv–0203, 2018 WL 1399585, *4 (M.D. Tenn. Mar. 20, 2018), *aff'd*, 768 F. App'x 313 (6th Cir. 2019) (Crenshaw, J.) (rejecting a requested rate of $500 an hour and explaining that an hourly rate of $350.00 per hour in an FLSA action is "more in line with hourly rates approved by this or other courts under similar circumstances."). In light of this authority, the Court finds an hourly rate of $350.00 to be reasonable. Thus, the Court finds that Mr. Yezbak's hourly rate of $560.00 for his 1.7 hours of work is not reasonable. As this Court has before explained, "While the district court may take into consideration an attorney's skill level in identifying the market rate, the Sixth Circuit holds that 'reasonable' fees need not be 'liberal' fees and that such fees are different from the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region." *Jones*, 2018 WL 1399585, at *3 (citation omitted). Accordingly, the Court will award him only $350 per hour for worked performed.

Next, the Court turns to the question of if the hours Plaintiffs' counsel expended on the litigation were reasonable. *See Hustead*, 831 F. 3d at 702. In determining whether the number of

5

hours expended on a case is reasonable, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). "The documentation offered in support of the hours charged must be of sufficient detail to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of such litigation." *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D. Ohio 2010), *aff'd in part, rev'd in part*, 499 F. App'x 538 (6th Cir. 2012) (citing *United Slate Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502, n.2 (6th Cir. 1984)).

Here, Plaintiffs' counsel expended a total of 18 hours of work related to the motion to enforce settlement. (Doc. No. 6-1). Of that total, as noted, 1.7 hours are attributable to Mr. Yezback (partner), and 16.3 hours are attributable to Mr. Temples and Mr. Doster (associate attorneys). (*Id.*) On review, the Court finds that the total number of hours expended in litigating the motion to enforce settlement is appropriate and reasonable, as the motion required a hearing and multiple briefs. Further, other district courts have found similar number of hours spent litigating motions to enforce settlement to be reasonable. *See Hansen v. Uber Techs., Inc*, No. 617CV1559ORL40GJK, 2019 WL 610245, at *2 (M.D. Fla. Jan. 29, 2019) (holding that 11.4 hours were reasonably expended in drafting a response to the motion to enforce settlement, which did not require a hearing); *S. Star Cent. Gas Pipeline, Inc. v. Cline*, No. 10-CV-2233 JAR/DJW, 2011 WL 3847156, at *2 (D. Kan. Aug. 30, 2011) (finding that counsel reasonably expended 33.1 hours litigating the motion to enforce settlement agreement). Moreover, the Court has carefully reviewed the billing entries submitted. And, upon its own knowledge and experience, the Court concludes that a

reasonable attorney would find the work described therein reasonably necessary to facilitate the successful prosecution of Plaintiff's case.

Accordingly, the Court finds the 18 hours expended litigation the motion to enforce settlement to be reasonable.

CONCLUSION

The Court **GRANTS** Plaintiffs' request for attorneys' fees within Plaintiffs' "Motion to Reopen Case, To Enter Judgment, and To Award Attorneys' Fees" (Doc. No. 59) for the reasons and to the extent indicated above, and the Court will award $5,917.50 in attorneys' fees to Plaintiffs.[3]

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] This total is based on (1) 1.7 hours of work by Charles Yezbak at an hourly rate of $350.00; (2) 11.2 hours of work by N. Chase Teeples at an hourly rate of $350.00; and (3) 5.1 hours of work by Matthew T. Doster at an hourly rate of $275 resulting in a total fee of $5917.50.