IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER REED and ) | |
| JOSE LUIS GARCIA TALENTINO ) | |
| Plaintiffs, ) | Civil Action No. 3:18-cv-819 |
| ) | Judge Richardson/Frensley |
| v. ) | |
| ) | |
| YOUNG HO KIM and UN JUNG KIM ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Supplemental Award of Attorneys' Fees. Docket No. 75. In support of the motion, the Plaintiffs have filed a Memorandum of Law (Docket No. 76), Declaration of Charles P. Yezbak, III (Docket No. 77) and Notice of Defendants' Failure to Respond to Plaintiffs' Motion for Supplemental Award of Attorneys' Fees (Docket No. 78). For the reasons set forth herein, the undersigned recommends that the Court **GRANT** the Motion and enter judgment against the Defendants for the amount of fees requested.

## BACKGROUND

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA") seeking unpaid wages from the Defendants. Docket No. 1. The Parties engaged in settlement negotiations including an unsuccessful judicial settlement conference. However, the Parties ultimately agreed to resolve their claims. Plaintiffs filed a motion to enforce the Parties' settlement (Docket No. 35) which was ultimately granted by the Court (Docket No. 56). The Court awarded Plaintiffs fees in the amount of $5, 917.50. Docket No. 67. The Defendants appealed the award of attorneys' fees to the United States Court of Appeals for the Sixth Circuit. Docket No. 69. The Sixth Circuit thereafter affirmed the award of attorneys' fees. Docket No. 72. The mandate issued from the Court

of Appeals on July 26, 2021. Docket No. 74.

## LAW AND ANALYSIS

A nonmoving party has an obligation to respond to a moving party's motion:

Local Rule 7.01(a)(3) states:

**3. Response.** Except for motions for reconsideration (to which no response shall be filed unless ordered by the Court), any party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions, not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. The response shall not exceed twenty-five (25) pages without leave of Court. If a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court.

Plaintiffs filed their Motion on July 29, 2021. Docket No. 74. Defendants have failed to respond. Therefore, this motion shall be deemed unopposed.

Pursuant to Rule 37(a)(5), Plaintiffs requests an award of its attorney's fees and expenses associated with bringing this Motion. Docket No. 75. Plaintiffs contends that such an award is justified because Plaintiffs were defending an appeal of this matter in the Sixth Circuit Court of Appeals. Docket No. 76, p. 3. Defendants have not specifically responded to the request for attorneys' fees and costs. Docket No. 78.

The Court has already ruled that Plaintiffs are entitled to attorneys' fees for their efforts to enforce the settlement. Docket No. 67. The request for supplemental fees are based upon defending the award on appeal. Based upon same rationale, the undersigned finds that an award of fees for the appeal is appropriate.

The undersigned finds that the requests for fees is reasonable in that the hourly rate requested has already been approved by the Court and the number of hours that Plaintiffs seek recovery is reasonable based upon the amount of work necessary in pursuing this matter through

the Appellate court. The Court also notes that the Defendants have not responded to the motion for attorneys' fees or otherwise challenged the requests.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Plaintiffs' Motion for Supplemental Award of Attorneys' Fees (Docket No. 75) be GRANTED and that the Plaintiffs be awarded $5,495.00 in attorneys' fees from Defendants for defending the Court's orders on appeal and the filing of the instant motion.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**